IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV 19–142–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| $14,200.00 in U.S. Currency, | |
| Defendant. | |

This matter was brought before the Court by Plaintiff United States through its attorney, Victoria L. Francis, Assistant U.S. Attorney for the District of Montana. The United States has filed a Motion for Entry of Default Judgment and Order of Forfeiture pursuant to Fed. R. Civ. P. 55(b)(2). (Doc. 13.) The Court now makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. On August 22, 2019, the United States instituted a judicial forfeiture action by filing in this cause a Verified Complaint *in Rem* against the Defendant currency in the amount of $14,200.00, to forfeit property under 31 U.S.C.§ 5317 and 18 U.S.C. 981, asserting the defendant currency constitutes the transport of monetary instruments of more than $10,000.00 at one time from a place in the

-1-

United States to or through a place outside of United States in violation of 31 U.S.C. §§ 5316(a)(1)(A) and 5324(c)(3).

2. On September 6, 2019, the Customs and Border Control executed the Warrant of Arrest *in Rem* (Doc. 4) that was issued by this Court on August 30, 2019, and arrested the defendant currency. (Doc. 5, Declaration of Arrest and Service of Warrant of Arrest *in Rem*.)

3. On August 28, 2019, the United States provided "actual notice" of this civil asset forfeiture action, by mailing the Notice of Complaint for Forfeiture *in Rem* (Doc. 2) and Verified Complaint *in Rem* (Doc. 1) to Caroline Tran, via first class International mail and Certified mail, to the address provided in Ms. Tran's administrative claim.

4. Notice of this forfeiture action was also provided to known and unknown potential claimants by publishing on the government's asset forfeiture website the Notice of Forfeiture Action for 30 consecutive days, beginning on September 7, 2019, and ending on October 6, 2019. The "Notice of Forfeiture Action" provides in pertinent part as follows:

> Any person claiming a legal interest in the Defendant Property must file a verified Claim with the court within 60 days from the first day of publication (September 7, 2019) of this Notice on this official government internet web site and an Answer to the complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter.

(Dec. of Publication, Doc. 6, Att. 1.)

5. Upon considering the United States' Motion for Entry of Default of Unknown Potential Claimants (Doc. 7) and Declaration filed in support of the motion (Doc. 8), the Clerk of District Court entered the default of unknown potential claimants on November 19, 2019 for failure to timely file a verified claim and/or to answer or otherwise defend as required by the Supplemental Rules. (Doc. 9.)

6. On October 3, 2019, the claimant, Caroline Tran, spoke with Assistant U.S. Attorney Victoria Francis by telephone. AUSA Victoria Francis agreed to extend the deadline to submit the claim, from October 2, 2019, to November 4, 2019, for Caroline Tran to submit her claim. (*See* Doc. 11, pg. 2, para. 5.)

7. On November 5, 2019, the claimant, Caroline Tran, again contacted Assistant U.S. Attorney Victoria Francis by telephone. AUSA Victoria Francis agreed to extend the deadline to submit the claim, from November 4, 2019 to December 4, 2019 to allow Caroline Tran to submit her verified claim. (See, Doc. 11, pg. 2, para. 6.)

8. On December 4, 2019, the claimant, Caroline Tran, again contacted Assistant U.S. Attorney Victoria Francis by telephone and requested an additional extension to submit the claim. AUSA Victoria Francis agreed to a third extension to December 20, 2019 for Tran to file a verified claim. (*See* Doc. 11, pg. 2, para.

7.)

9. On December 20, 2019, Caroline Tran again contacted the United States to request a fourth extension to submit the claim and the United States agreed to allow her an extension until January 3, 2020. The United States voluntarily provided an additional four business days to receive a verified claim or answer to the Complaint. (See, Doc. 11, pg. 3, para. 8.)

10. Caroline Tran did not file a verified claim or answer, or otherwise defend the motion, and the United States moved for entry of Default on January 10, 2020. Upon considering the United States' Motion for Entry of Default of Known Potential Claimant, Caroline Tran (Doc. 10) and Declaration filed in support of the motion (Doc. 11), the Clerk of District Court entered the default of Caroline Tran on January 13, 2020 for failure to timely file a verified claim and/or to answer or otherwise defend as required by the Supplemental Rules. (Doc. 12.)

11. The factual allegations set forth in paragraphs 1 through 14 of the Verified Complaint for Forfeiture *In Rem* are verified by Clint Hilpert, Agent with the U.S. Customs and Border Patrol. (Doc. 1.)

Based upon the foregoing findings of fact, the Court makes the following conclusions of law.

## CONCLUSIONS OF LAW

12. The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1345

and 1355. The United States has filed a Verified Complaint for Forfeiture *in Rem* to forfeit the defendant currency under 31 U.S.C.§ 5317 and 18 U.S.C. 981, asserting the defendant currency in the amount of $14,200.00, constitutes the transport of monetary instruments of more than $10,000.00 at one time from a place in the United States to or through a place outside of United States in violation of 31 U.S.C. § 5316(a)(1)(A) and 5324(c)(3).

13. Pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395(b) or (c), venue is proper in this district because this is a civil proceeding to forfeit United States currency found in this district, and the acts or omissions complained of occurred in this district.

14. Civil forfeitures are governed by the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. *United States v. 2659 Roundhill Drive*, 283 F.3d 1146, 1149 n.2 (9th Cir. 2002).

15. The Verified Complaint for Forfeiture *in Rem* sets forth detailed facts to support a reasonable belief that the United States will be able to meet its burden of proof at trial as required by Supplemental Rule G(2)(f), to support probable cause, and to provide proof by a preponderance of the evidence to seize and arrest the defendant currency described in the verified complaint. The facts contained in the verified complaint support the institution of these forfeiture proceedings for a

knowing and willful violation of 31 U.S.C. §§ 5316(a)(1)(A) and 5324(c)(3), and subject to forfeiture under 31 U.S.C.§ 5317 and 18 U.S.C. 981.

16. The totality of circumstances as set forth in the Verified Complaint *in Rem*, including Caroline Tran's attempt to structure the money in amounts to appear that she, and her sister, Terri-Ann Tran, were transporting and declaring less than $10,000.00 each (Doc. 1, pg. 3, para. 5 and 6), demonstrates that there is a substantial connection that the defendant currency in the amount of $14,200.00, constitutes the transport of monetary instruments of more than $10,000.00 at one time from a place in the United States to or through a place outside of United States in violation of 31 U.S.C. §§ 5316(a)(1)(A) and 5324(c)(3).

17. Notice of this action was properly provided to known potential Claimant, Caroline Tran, by providing "actual notice" by mailing the Verified Complaint *in Rem*, in accordance with Supplemental Rule G(4)(b)(v).

18. Notice by publication was also provided to known and unknown potential claimants in accordance with Supplemental Rule (G)(4)(a)(iv)(C).

19. In accordance with Fed. R. Civ. P. 55(a) and Supplemental Rules A(2) and G(5), the Clerk of District Court properly entered the default of Caroline Tran and any unknown claimants. (Docs. 9 and 12.)

20. Pursuant to Fed. R. Civ. P. 55(b)(2) and 56(a) the United States is entitled to a judgment of default against the Defendant currency in the amount of

$14,200.00, as to any claims to the defendant currency.

21. The United States is further entitled to an order of forfeiture of the Defendant currency in the amount of $14,200.00.

Accordingly, IT IS ORDERED:

1. The United States is granted judgment against the Defendant currency in the amount of $14,200.00, and against any person asserting a claim to or interest in the Defendant currency; and

2. The Defendant currency consisting of $14,200.00 is hereby forfeited to the United States and shall be disposed of in accordance with the law.

DATED this 19th day of February, 2020.

Dana L. Christensen, Chief District Judge
United States District Court